IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

              CIVIL ACTION NO. 5:00CV122
v.             CRIMINAL ACTION NO. 5:94CR56
               (JUDGE STAMP)

ROY JAMES PARKS,

    Defendant.

## REPORT AND RECOMMENDATION DENYING DEFENDANT'S MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60 (b)

On December 8, 2005, the defendant, Roy James Parks, filed a motion for this Court to amend his sentence pursuant to Federal Rule of Civil Procedure 60 (b). The defendant seeks relief based on the adverse ruling to his first § 2255 petition filed November 8, 1997, alleging it was erroneously dismissed based upon a new ruling by the United States Supreme Court. As of January 30, 2006, the Government had not filed a response to Defendant's motion as the Court requested on December 29, 2005.

Federal Rule of Civil Procedure 60 (b) provides relief from a judgment based on:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59 (b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgement is void; (5) the judgment has been satisfied upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60 (b).

The Fourth Circuit has held that Rule 60 (b) motions should be treated as successive applications for post-conviction relief under 28 U.S.C. § 2255 when they present claims that are "equivalent to additional habeas claims." Hunt v. Nuth, 57 F. 3d 1327, 1339 (4th Cir. 1995). In United States v. Winestock, 340 F. 3d 200 (4th Cir. 2003), the Fourth Circuit further mandated that "district courts must treat Rule 60 (b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" Id. at 206 (citing Calderon v. Thompson, 523 U.S. 538, 553 (1998) (holding that courts must not allow prisoners to circumvent the strict requirements of 28 U.S.C. § § 2254 and 2255 by attaching labels to petitions other than "successive application" for post-conviction relief)).

The Winestock court also described the method that courts should use to distinguish proper motions under Rule 60 (b) from "'successive [applications] in 60 (b)'s clothing.'" Id. at 207 (quoting Lazo v. United States, 314 F. 3d 571, 573 (11th Cir. 2002) (per curiam)). The Court stated that

> a relatively straighforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in a collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications.

Id.

The defendant alleges his original § 2255 motion was erroneously dismissed as untimely raising a new constitutional issue based upon Shepherd v. United States, 125 U.S. 1254, 1263 (2005) in his Rule 60 (b) motion that amounts to a successive application for habeas relief, rather than a

2

defect in the collateral review process. Thus, his claim cannot stand unless properly brought as a successive application for relief under 28 U.S.C. § 2255. For this reason, it is recommended the defendant's Rule 60 (b) motion be **DENIED**.

Any party may, within ten (10) days from the date of this recommendation, file with the Clerk of the Court written objections identifying the portions of the recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.[1]

The Clerk of the Court is directed to provide a copy of this recommendation to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: January 31, 2006

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

---

[1] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).