IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

       Plaintiff,

v.                               Criminal Action No. 5:94CR56
                                                     (STAMP)

ROY JAMES PARKS,

       Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Background

The pro se[1] defendant, Roy James Parks, filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). The defendant seeks relief based on the adverse ruling to his previously filed 28 U.S.C. § 2255 petition. According to the defendant, the § 2255 petition was erroneously dismissed based upon a new ruling by the United States Supreme Court. The government did not file a response to the defendant's motion for relief from judgment.

This matter was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.15. Magistrate Judge Seibert filed a report recommending that the defendant's Rule 60(b) motion de denied. The magistrate judge also

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

informed the parties that if they objected to any portion of his recommendation, they must file written objections within ten (10) days after being served with a copy of his recommendation.

After this Court granted his motion for an extension of time to prepare objections, the defendant filed objections arguing: (1) his original § 2255 motion was erroneously dismissed; (2) Rule 60(b) specifically authorizes relief when there has been a mistake; (3) his judgment and sentence are void because he was never given notice according to the requirements of 21 U.S.C. § 851; and (4) the Supreme Court's holding in Shepard v. United States, 544 U.S. 125 (2005), constitutes a changed circumstance that justifies relief from judgment.

## II. Applicable Law

### A. Review of the Report and Recommendation

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the defendant has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

B.   <u>Federal Rule of Civil Procedure 60(b)</u>

Rule 60(b) provides relief from a judgment based on:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under <u>Rule 59(b)</u>; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) <u>the judgment is void</u>; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) <u>any other reason justifying relief from the operation of the judgment</u>.

Fed. R. Civ. P. 60(b) (emphasis added).

The Fourth Circuit has held that Rule 60(b) motions should be treated as successive applications for post-conviction relief under 28 U.S.C. § 2254 when they present claims that are "equivalent to additional habeas claims." <u>Hunt v. Nuth</u>, 57 F.3d 1327, 1339 (4th Cir. 1995). In <u>United States v. Winestock</u>, 340 F.3d 200 (4th Cir. 2003), the Fourth Circuit further mandated that "district courts <u>must</u> treat <u>Rule 60(b)</u> motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" <u>Id.</u> at 206 (citing <u>Calderon v. Thompson</u>, 523 U.S. 538, 553 (1998) (holding that courts must not allow prisoners to circumvent the strict requirements of 28 U.S.C. §§ 2254 and 2255 by attaching labels to petitions other than "successive application" for post-conviction relief)).

The Winestock court also described the method that courts should use to distinguish proper motions under Rule 60(b) from "'successive [applications] in 60(b)'s clothing.'" Id. at 207 (quoting Lazo v. United States, 314 F.3d 571, 573 (11th Cir. 2002) (per curiam)). The Court stated that

> a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in a collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications.

Id.

### III. Discussion

The defendant contends that his motion under Rule 60(b) is cognizable because Rule 60(b) permits motions for relief from judgment in cases where the district court's procedural dismissal was in error. In support of the argument that his original § 2255 motion was erroneously dismissed as untimely, the defendant cites Shepard v. United States and argues that the Supreme Court requires that the existence of a predicate offense be found by a jury prior to enhancing the defendant's sentence. (Def.'s Mot. for Relief from J. 2.) The defendant also argues that Shepard establishes his due process right to be notified as to enhancements to the statutory maximum. Id. The defendant's objections reiterate his arguments that the Supreme Court's holding in Shepard constitutes a changed circumstance that justifies relief from judgment and that

4

he was never given notice under the requirements of 21 U.S.C. § 852. (Def.'s Objection 2.)

Upon review of defendant's claims, this Court finds that the these arguments lack merit. Because the Rule 60(b) motion amounts to a successive application for habeas relief rather than a defect in the collateral review process, the defendant's claim cannot stand unless properly brought as a successive application for relief under 28 U.S.C. § 2255. For this reason, the defendant's Rule 60(b) motion must be denied.

## IV. Conclusion

Because, after a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the defendant's objections to the report and recommendation lack merit, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation. Accordingly, the defendant's Rule 60(b) motion is DENIED. It is further ORDERED that the defendant's motion for a hearing be DENIED AS MOOT.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of this judgment order.

This Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, the Court finds that the petitioner has not made a "substantial showing

of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, this Court finds that the petitioner has not made the requisite showing. Accordingly, the petitioner is DENIED a certificate of appealability.

The petitioner may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se defendant by certified mail and to counsel of record herein.

DATED: October 8, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE